Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>MISAEL SANZ TRONCOSO<br><br>Peticionario | TA2026CE00571 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV07671<br><br>Sobre: Cobro de Dinero-Ordinario |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez.

*Grana Martínez, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de mayo de 2026.

El peticionario señor Miguel Sanz Troncoso solicita que revisemos la Resolución en la que el Tribunal de Primera Instancia se negó a dictar sentencia sumaria y desestimar un pleito de cobro de dinero presentado en su contra.

Por su parte, el recurrido, Banco Popular de Puerto Rico presentó su oposición al recurso.

**I**

Los hechos esenciales pertinentes a esta controversia se detallan a continuación. El Banco Popular presentó una demanda por cobro de dinero contra el peticionario. La demanda incluyó las alegaciones siguientes. Banco Popular otorgó al peticionario la cuenta rotativa Mastercard núm. 5310-5059-2138-7074 para la obtención de bienes y servicios de cuando en cuando y adelantos de efectivo. El peticionario se obligó a hacer los pagos conforme a los términos del estado de cuenta. No obstante, el peticionario incumplió con los pagos correspondiente a las compras y adelantos en efectivo realizados. Su deuda con el banco es de $31,592.82. La

cantidad adeudada está vencida y es líquida y exigible. El peticionario, además, adeuda a Banco Popular $3,159.00 de abogados más los gastos y costas del litigio. El Banco acompañó copia de un estado de cuenta de la tarjeta de crédito a nombre del peticionario. El Estado refleja el balance indicado.[1]

Así las cosas, el 1 de noviembre de 2023 el peticionario presentó Moción de Desestimación conforme la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V. El TPI le dio la razón, desestimando la demanda con perjuicio, debido a la ausencia de una reclamación que justificara la concesión de un remedio. Según el TPI el banco no probó los elementos esenciales de objeto, consentimiento y causa, elementos que conforme al foro primario resultaban indispensables para que la obligación pecuniaria reclamada en la Demanda fuese exigible. Además, razonó que el documento titulado *Solicitud de Línea Rotativa* por el demandado no establecía una relación de obligación entre las partes y era insuficiente para sostener la Demanda al no sustentar la exigibilidad de la relación contractual alegada.[2]

Inconforme, el recurrido acudió al Tribunal de Apelaciones en el recurso KLAN202400856.[3] El Tribunal de Apelaciones, el 29 de octubre de 2024 revocó al TPI, concluyendo que las alegaciones de la demanda eran suficientes para concluir que el banco tenía una causa de acción que justificaba la concesión de un remedio al amparo de la Regla 10.2(5) de Procedimiento Civil, supra. Según el Tribunal de Apelaciones la demanda estableció una causa de acción viable porque el recurrido alegó que: (1) el peticionario solicitó una tarjeta de crédito, (2) el banco la emitió, (3) el deudor la utilizó, (4) el deudor no realizó los pagos correspondientes. Por otro lado, resolvió

---

[1] Véase Sistema Unificado de Administración y Manejo de Casos (SUMAC), entrada número 1 ante el Tribunal de Primera Instancia (TPI).
[2] Véase entrada número 18 SUMAC ante el TPI.
[3] Atendido por el panel hermano compuesto por el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

que la demanda no tenía que incluir alegaciones sobre las fechas en las que el deudor solicitó la tarjeta y la utilizó. Además, resolvió que la suficiencia de los documentos presentados hasta ese momento por el banco no era pertinente para efectos de la moción de desestimación. No obstante, advirtió que la situación era distinta en caso de que el banco solicitara sentencia sumaria, porque el TPI tenía que evaluar la totalidad de la prueba. Por último, resaltó que como cuestión de derecho el contrato de tarjeta de crédito puede perfeccionarse sin que sea por escrito, debido a que puede ser por teléfono o electrónicamente y su uso significa la aceptación de los términos y condiciones notificadas por el emisor.[4]

Más de un año después, el peticionario solicitó sentencia sumaría a su favor, porque el banco únicamente presentó como evidencia un Estado de Cuenta del 28 de febrero de 2023 y un documento titulado *Solicitud de Cuenta Rotativa.* Según el peticionario esa prueba es insuficiente para demostrar: (1) una causa de acción válida, (2) el consentimiento informado del demandado, (3) el cumplimiento con las divulgaciones previas exigidas por ley, (4) la existencia de acuerdo del plan de cuenta rotativa, (5) divulgaciones previas exigidas por ley, (6) la existencia de acuerdo de plan de cuenta rotativa con los términos y condiciones de la relación crediticia, (7) las fechas específicas de las compras y adelantos de efectivo, entre otras.[5]

El banco se opuso a la sentencia sumaria, arguyó que la decisión del Tribunal de Apelaciones constituía la ley del caso. Afirmó que el foro apelativo resolvió (1) que el contrato de tarjeta de crédito no tiene que ser escrito ni estar firmado por las partes y (2)

---

[4] Véase entrada número 24 SUMAC ante el TPI.
[5]  Véase entrada número 37 SUMAC ante el TPI.

que el uso de la tarjeta significa su aceptación y la de los términos y condiciones que notificó su emisor.[6]

Finalmente, el TPI concluyó que ninguna de las partes cumplió con la Regla 36 de Procedimiento Civil, supra, y denegó la solicitud de sentencia sumaria, pues a su entender y velando con el mayor de los celos la búsqueda de la verdad, entendió que existían hechos que creaban controversias entre las partes que no permitían el remedio discrecional de Sentencia Sumaria en esa etapa de los procedimientos. Sin embargo, determinó como hechos incontrovertidos los siguientes.

1. Del Estado de Cuenta presentado no surge la existencia de compras, toda vez que el renglón de Compras de Crédito refleja $0.00 (Anejo 1-Estado de Cuenta, Resumen de la Actividad de la Cuenta).

2. Del Estado de Cuenta presentado no surge la existencia de adelantos en efectivo, ya que el renglón de Adelantos de Efectivo refleja $0.00 (Anejo 1-Estado de Cuenta Resumen de la Actividad de la Cuenta).

3. Del Estado de Cuenta presentado no surgen fechas específicas de transacciones, compras o adelantos en efectivo atribuibles al demandado. (Anejo 1-Estado de Cuenta, Cómputo de Interés Cobrados).

4. Del Estado de Cuenta presentado no surgen cargos por intereses ni cargos, financieros aplicados durante el periodo facturado, reflejándose $0.00 en ambos renglones. (Anejo 1 -Estado de cuenta, Cómputo de Intereses Cobrados).

5. Del Estado de Cuenta presentado no surge el origen del balance reclamado, ni la identificación de las

---

[6] Véase entrada número 41 SUMAC ante el TPI.

transacciones específicas que lo componen. (Anejo 1–Estado de Cuenta).[7]

Inconforme el señor Sanz Troncoso, recurrió oportunamente mediante recurso de Certiorari en el cual solicita que se revoque la Resolución recurrida y se dicte sentencia a su favor desestimando con perjuicio la demanda instada en su contra. Esto por entender que el foro primario erró al no aplicar la Regla 36.3(d) de Procedimiento Civil, supra, absteniéndose de dar por admitidos los hechos propuestos en su solicitud de sentencia sumaria, a pesar del incumplimiento del Banco con la regla. Además, señaló que el foro primario se equivocó al concluir que existían controversias de hechos materiales cuando los autos evidenciaban ausencia total de prueba sobre elementos esenciales de la reclamación en su contra, así como evidenciaban contradicciones. Por último, afirmó que erró el TPI al invertir indebidamente la carga de la prueba e imponerle la carga de citar, por página o párrafo, información inexistente en la alegada solicitud de cuenta rotativa, en lugar de exigir al Banco que demostrara que tal información surgía de sus récords.[8] Este foro contó con la oposición del Banco a través de su alegato en oposición.[9]

## II

### A. Certiorari

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. 32 LPRA sec. 3491; *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean*

---

[7] Véase entrada número 52 SUMAC ante el TPI.
[8] Véase entrada número 1 SUMAC ante el Tribunal de Apelaciones (TA).
[9] Véase entrada número 3 SUMAC ante el TA.

(*Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil **o de la denegatoria de una moción de carácter dispositivo.** Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos

de los asuntos que nos son planteados mediante el recurso de *Certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *Certiorari*. En lo pertinente, la Regla 40 dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por otra parte, generalmente los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch et al. v. España Service Sta. et*

*al.,* 117 DPR 729, 745 (1986). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Por otro lado, el Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia, al momento de revisar las solicitudes de sentencia sumaria. Al igual que el TPI tiene que regirse por la Regla 36 de Procedimiento Civil, *supra*, y aplicar los criterios que esa regla y su jurisprudencia interpretativa exigen, ambos foros tienen que revisar que la moción de sentencia sumaria y su oposición cumplan los requisitos de forma codificados en la Regla 36, *supra.* El Tribunal de Apelaciones no podrá considerar evidencia que las partes no presentaron en el Tribunal de Primera Instancia. Este foro tampoco podrá adjudicar los hechos materiales en controversia, porque esa es una tarea del Tribunal de Primera Instancia. La revisión que hace el Tribunal de Apelaciones es la de un juicio de *novo*. Este foro apelativo debe examinar el expediente de la manera más favorable para la parte opositora a la moción de sentencia sumaria y hacer todas las inferencias permisibles a su favor. *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 994 (2024); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118 (2015).

### III

Examinado la totalidad del expediente, así como los alegatos de las partes determinamos rechazar la petición a expedir el recurso, revocar la determinación recurrida y desestimar la demanda.

**IV**.

Por lo cual, denegamos el auto de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones